UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TAMARA WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW KLEINSASSER and IRINA KLEINSASSER,<br><br>    Defendants. | 4:20-CV-04009-KES<br><br><br>ORDER DENYING MOTION TO DISMISS |

  Plaintiff, Tamara Wilson, filed a complaint against defendants, Matthew and Irina Kleinsasser, seeking relief for an alleged breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Docket 1 ¶ 5. The Kleinsassers now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Docket 5. Wilson opposes the motion to dismiss. Docket 11. For the following reasons, the court denies the Kleinsassers' motion to dismiss.

## BACKGROUND

  The facts alleged in the complaint, accepted as true, are as follows:

  Tamara Wilson was an employee of Logistics Buddy Transportation, LLC from 2017 until June 2019. Docket 1 ¶¶ 4,16. Matthew and Irina Kleinsasser are owners and employees of Logistics Buddy Transportation, LLC. *Id.* ¶ 3.

During her employment, Wilson was to have medical insurance and other insurance from a plan (the Plan) administered under ERISA. *Id.* ¶ 5. The Kleinsassers exercised power and control over the Plan. *Id.* ¶¶ 6-7.

Earnings from Wilson's paychecks were withheld by Logistics Buddy Transportation, LLC and the Kleinsassers to pay insurance premiums under the Plan. *Id.* ¶ 8. Wilson's medical insurance coverage lapsed because Wilson's medical insurance premiums were not paid. *Id.* ¶¶ 9, 12. Wilson alleges the withheld funds from her paychecks were kept by the Kleinsassers for their own benefit instead of being used to pay her medical insurance premiums. *Id.* ¶¶ 9–10. Wilson was informed of her lapsed insurance coverage in April 2019. *Id.* ¶ 11. Due to the coverage lapse, Wilson incurred medical expenses that would have been covered under the Plan. *Id.* ¶ 13.

Wilson alleges that through their exercise of control and power over the Plan, the Kleinsassers were fiduciaries of the Plan under ERISA. *Id.* ¶ 21. In this capacity, Wilson alleges the Kleinsassers breached their fiduciary duty by failing to remit the withheld earnings to the Plan. *Id.* ¶ 22. Wilson's complaint alleges one claim of breach of fiduciary duty and seeks monetary damages in an amount to be determined at trial, pre-judgment and post-judgment interest, restitution for the withheld earnings from Wilson's paychecks, attorney's fees and costs, and "other and further relief as the Court deems just and equitable." *Id.* at ¶¶ 19-24; *Id.* at 4. The Kleinsassers now move to dismiss Wilson's complaint for failure to state a claim. Docket 5.

**LEGAL STANDARD**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court determines plausibility by considering the materials in the pleadings, by drawing on experience and common sense, and by viewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Inferences are construed in favor of the nonmoving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). And "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the plaintiff must provide "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**I.   Breach of Fiduciary Duty**

To state a claim for breach of an ERISA fiduciary duty, a plaintiff must show "that the defendant acted as a fiduciary, breached its fiduciary duties,

3

and thereby caused a loss to the Plan." *Braden*, 588 F.3d at 594. Under ERISA, a person is a fiduciary to the extent that "he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets[.]" 29 U.S.C. § 1002(21)(A)(i). A person may be named in the plan document as an ERISA fiduciary, identified as a fiduciary, or deemed a fiduciary based on his or her "functional authority and control relative to the plan." *In re Excel Energy, Inc. Sec., Derivative & "ERISA" Litig.*, 312 F. Supp. 2d 1165, 1175 (D. Minn. 2004). "The term fiduciary is to be broadly construed and a person's title does not necessarily determine if one is a fiduciary." *Consol. Beef Indus., Inc. v. N.Y. Life Ins. Co.*, 949 F.2d 960, 964 (8th Cir. 1991).

Wilson's complaint alleges that the Kleinsassers exercised power and control over the Plan and assets contained therein. Docket 1 ¶¶ 6, 20. The facts alleged support an inference that the Kleinsassers had access to the withheld funds from Wilson's paychecks, managed and controlled the funds, and failed to remit the funds to the Plan. *Id.* ¶¶ 6-9. These facts are sufficient to suggest the Kleinsassers acted as ERISA fiduciaries as defined by § 1002(21)(A)(i). *See Olson v. E.F. Hutton & Co., Inc.*, 957 F.2d 622, 625 (8th Cir. 1992) (holding that under § 1002(21)(A)(i) an individual "can be found to be a fiduciary if . . . he exercised discretionary control over the [Plan]").

An ERISA fiduciary must "discharge his [or her] duties with respect to a plan solely in the interest of the participants and beneficiaries," exclusively "providing benefits to participants and their beneficiaries" and must do so "with

4

the care, skill, prudence, and diligence under the circumstances" equal to that of a "prudent man acting in a like capacity." 29 U.S.C. § 1104(a)(1)(A)-(B). These duties are known as the duties of loyalty and prudence. *Tussey v. ABB, Inc.*, 746 F.3d 327, 335 (8th Cir. 2014).

Wilson's pleaded facts allege the Kleinsassers withheld earnings from her paychecks for purposes of paying medical insurance premiums under the Plan. Docket 1 ¶¶ 8-9. The complaint also states the Kleinsassers kept the withheld earnings, failed to remit the funds to the Plan, and appropriated the funds for their own benefit. *Id.* ¶ 10. These facts are sufficient to show the Kleinsassers breached their fiduciary duty under ERISA. As a result of the alleged breach, Wilson alleges she incurred medical expenses that would have been covered under the Plan's medical insurance. *Id.* ¶ 23. Thus, the pleaded facts show Wilson sustained loss due to the Kleinsassers' breach of fiduciary duty.

Wilson has pleaded sufficient facts to support a plausible claim the Kleinsassers acted as fiduciaries, breached their fiduciary duties, and that the breach caused a loss. Thus, at this stage, Wilson has alleged sufficient facts to state a claim of breach of an ERISA fiduciary duty. *See Twombly*, 550 U.S. at 556.

II.  **Relief Under 29 U.S.C. § 1132(a)(1)(B)**

In the event an ERISA fiduciary "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries," the fiduciary is:

> [P]ersonally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of

5

assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate[.]

29 U.S.C. § 1109(a).

Wilson's complaint is brought under 29 U.S.C. § 1132(a)(1)(B). Docket 1 ¶ 1. This section allows a participant or beneficiary "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Under ERISA, a " 'participant' means any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan[.]" 29 U.S.C. § 1002(7). A " 'beneficiary' means a person designated by a participant . . . who is or may become entitled to a benefit [under the Plan]." 29 U.S.C. § 1002(8).

According to the alleged facts, Wilson is a former employee of the Kleinsassers and was eligible to receive benefits under the terms of the Plan during her employment. Docket 1 ¶ 5. Wilson brings the present action as a participant to recover medical expenses that would have been covered under the terms of the Plan if the medical insurance premiums had been paid. *Id.* ¶¶ 13, 23. The Kleinsassers do not argue Wilson cannot seek relief under § 1132(a)(1)(B). *See* Docket 6; Docket 12. Based upon these facts, and the early stage of litigation, the court finds Wilson's claim under § 1132(a)(1)(B) survives this motion to dismiss. *See Twombly*, 550 U.S. at 556.

### III. Relief Under 29 U.S.C. § 1132(a)(3)

The Kleinsassers argue Wilson's complaint should be dismissed because it does not seek an equitable remedy required under 29 U.S.C. § 1132(a)(3).

6

Docket 6 at 1. On the face of the complaint Wilson states her claim arises under § 1132(a)(1)(B). Docket 1 ¶ 1. Wilson's complaint alleges a breach of fiduciary duty under ERISA and seeks relief, including: "monetary damages . . . including pre- and post-judgment interest," "restitution for the Plan Assets," attorneys' fees and costs, and "other and further relief as the Court deems just and equitable." *Id.* at 3-4.

At the pleading stage of a case, a plaintiff is not required to elect a specific legal theory. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) (" 'To dismiss an ERISA plaintiff's § 1132(a)(3) claim as duplicative at the pleading stage of a case would, in effect, require the plaintiff to elect a legal theory and would, therefore, violate [the Federal Rules of Civil Procedure].' " (alteration in original) (quoting *Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 902-03 (E.D. Wis. 2005))). Thus, a plaintiff can plead more than one theory of recovery even though she cannot ultimately obtain duplicative recoveries. *Id.*

Wilson's complaint, taken as whole and read in a light most favorable to her, could be understood to seek relief beyond that available under § 1132(a)(1)(B) because she requests relief other than the benefits due to her under the terms of the Plan. Docket 1 at 4. Wilson does not specifically bring her claim under § 1132(a)(3), but her requested relief could arise under this section, as the parties' briefs contend. Because a plaintiff can seek relief under alternative theories of recovery at this stage of litigation, the court will address the possible relief Wilson could obtain under § 1132(a)(3) as an alternative to

7

the relief available under § 1132(a)(1)(B). *See CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011) (granting relief under § 1132(a)(3) after determining the plaintiff did not have adequate relief under § 1132(a)(1)(B), even though the plaintiff's complaint only sought relief under § 1132(a)(1)(B)).

Section 1132(a)(3) allows plan participants to bring a civil action "to obtain other appropriate equitable relief" to redress "any act or practice which violates" ERISA. 29 U.S.C. § 1132(a)(3). More specifically, "[t]his section allows an individual plan participant to seek equitable remedies in h[er] individual capacity for a breach of fiduciary duty not specifically covered by the other enforcement provisions[.]" *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 943 (8th Cir. 1999). The "appropriate equitable relief" allowed under § 1132(a)(3) is limited to categories of relief "that, traditionally speaking (i.e., prior to the merger of law and equity) were typically available in equity." *Amara*, 563 U.S. at 439 (internal quotation omitted).

The Kleinsassers' contend § 1132(a)(3) prohibits recovery of Wilson's medical expenses as non-equitable relief, relying upon *Mertens v. Hewitt Assocs.* and its progeny. *See* Docket 6 at 2-5 (citing 508 U.S. 248 (1993)). In *Mertens*, the Supreme Court held that "a nonfiduciary who knowingly participates in the breach of a fiduciary duty" under ERISA is not liable for monetary losses to the plan. *Mertens*, 508 U.S. at 249, 262-63. The Kleinsassers argue *Mertens* and its progeny broadly prohibit recovery of monetary relief under ERISA, including in the present case. *See* Docket 6 at 2-5.

8

*Mertens* is distinguishable from the present case under the Supreme Court's ruling in *Amara*. In *Amara*, the Supreme Court clarified that *Mertens* prohibits a plaintiff from seeking compensatory damages from a nonfiduciary under § 1132(a)(3), but "the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference" where "an award of make-whole relief is concerned." 563 U.S. at 439, 442. According to the Supreme Court's ruling in *Amara*, the fact that relief under § 1132(a)(3) "takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Id.* at 441. This is because equity courts "possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* (quoting Restatement (Third) of Trusts § 95 (2009)).

The Kleinsassers argue the Eighth Circuit rejected this interpretation of *Amara* in *Ibson v. United Healthcare Servs.* Docket 12 at 1-2 (citing 877 F.3d 384 (8th Cir. 2017)). The court disagrees. In *Ibson*, the Eighth Circuit denied recovery because the plaintiff was not the proper party to bring the claim for recovery of benefits under the ERISA plan. 877 F.3d 384, 388 (8th Cir. 2017). Contrary to the Kleinsassers' contentions, the Eighth Circuit has recognized *Amara* as "chang[ing] the legal landscape" by identifying "three possible 'equitable' theories of recovery under § 1132(a)(3) for an administrator's breach of fiduciary duty: surcharge, reformation, and estoppel." *Silva*, 762 F.3d at 720-22. In equity courts, the surcharge remedy was available against

9

fiduciaries who violated any duty imposed upon the fiduciaries. *Amara*, 563 U.S. at 442. "To obtain relief under the surcharge theory, a plan participant is required to show harm resulting from the administrator's breach of fiduciary duty." *Silva*, 762 F.3d at 722.

Here, Wilson's alleged facts, if proven true, could show the Kleinsassers were in control of funds withheld from Wilson's paychecks for the purpose of paying insurance premiums for an ERISA plan, acting in a capacity analogous to trustees. The alleged facts could further show Wilson's premiums were never paid, and the funds were instead used for the personal benefit of the Kleinsassers. As a result of this alleged breach, Wilson incurred medical expenses that would have been covered under her ERISA plan. Without deciding which section offers Wilson adequate relief, this court finds that Wilson's alleged facts support a plausible claim for equitable relief under the theory of surcharge, as an alternative to her claim for benefits under § 1132(a)(1)(B).

In their brief, the Kleinsassers also address the availability of restitution for Wilson's claim. Docket 6 at 3. The Kleinsassers first discuss restitution assuming Wilson seeks recovery of medical expenses under this theory of relief. *Id.* at 4. Wilson does not identify the medical expenses as damages to be recovered as restitution, but Wilson does include a separate claim for "restitution of the Plan Assets" in her prayer for relief. Docket 1 at 4. This suggests that the recovery of medical expenses is distinct from the request for restitution.

The Kleinsassers also argue Wilson's specific claim for restitution is a "formulaic request," devoid of any basis for recovery other than the past medical expenses. Docket 6 at 4. But Wilson seeks "restitution for the Plan Assets." Docket 1 at 4. "Plan Assets" are identified by Wilson as the "withheld earnings from [Wilson's] paychecks" and represent a basis for recovery separate from the incurred medical expenses. *Id.* ¶ 8. This court is cognizant that equitable restitution is typically sought as a "constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). If the property cannot be traced, a plaintiff is not able to recover under this equitable restitution theory because that would impose personal liability on the defendant. *Id.* at 213-14. At this stage, it is unclear whether the withheld earnings will be traceable or recoverable as equitable restitution. Because it is premature at the motion to dismiss stage to decide this issue, the Kleinsassers' argument fails. Wilson has pleaded sufficient facts to support a plausible claim for recovery of the withheld earnings under § 1132(a)(3) as an alternative remedy.

IV.   **Provision Authorizing Appropriate Relief**

The Kleinsassers next argue Wilson cannot rely on § 1132(a)(3) to bring her claim because the claim has an exclusive, legal remedy under § 1132(a)(1)(B). Docket 12 at 2-3. The court finds that Wilson's complaint

11

specifically alleges that it arises under § 1132(a)(1)(B) but that Wilson's claim could have alternate grounds for relief under § 1132(a)(3). Docket 1 ¶ 1.

The Supreme Court has stated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there likely will be no need for further equitable relief [under § 1132(a)(3)]." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). The Eighth Circuit has interpreted this language to bar a plaintiff's *recovery* under both § 1132(a)(1)(B) and § 1132(a)(3). *Silva*, 762 F.3d at 726. Wilson's complaint is specifically pleaded under § 1132(a)(1)(B); however, the facts alleged suggest she may alternatively be able to obtain recovery under § 1132(a)(3). *See* Docket 1.

At the motion to dismiss stage, it is premature for the court to determine whether Wilson's claim has an adequate remedy under § 1132(a)(1)(B) or § 1132(a)(3). *Silva*, 762 F.3d at 727 ("At the motion to dismiss stage…it is difficult for a court to discern the intricacies of the plaintiff's claims . . . and determine if one or both [sections] could provide adequate relief."); *see also Buchanan v. Magellan Health, Inc.*, 2018 WL 4932533, at *8 (E.D. Mo. Oct. 11, 2018) ("The motion to dismiss stage…is not the appropriate time for this Court" to determine if "an ERISA plaintiff is barred from asserting an equitable claim under § 1132(a)(3) where a claim for recovery of benefits under § 1132(a)(1)(B) would provide adequate relief." (internal quotations omitted)). For this reason, the Kleinsassers' argument fails.

## CONCLUSION

Wilson has pleaded sufficient facts to support a plausible claim for a breach of an ERISA fiduciary duty. Wilson's pleaded facts further support a plausible inference that she may be entitled to relief under 29 U.S.C. § 1132(a)(1)(B) for benefits under her plan, and in the alternative, Wilson may be able to obtain equitable relief under 29 U.S.C. § 1132(a)(3). Thus, it is

ORDERED that the Kleinsassers' motion to dismiss (Docket 5) is denied.

Dated June 25, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE