UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TAMARA WILSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW KLEINSASSER and IRINA KLEINSASSER,<br><br>　　　　Defendants. | 4:20-CV-04009-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

　　　Plaintiff, Tamara Wilson, moves for attorney's fees and costs. Docket 25. Wilson's motion includes documentation of costs and fees. Dockets 26, 26-1. Defendants, Matthew Kleinsasser and Irina Kleinsasser, oppose the motion. Docket 32. For the following reasons, Wilson's motion is granted in part and denied in part.

## BACKGROUND

　　　On January 14, 2020, Tamara Wilson brought suit against the Kleinsassers alleging breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA). Docket 1. The Kleinsassers moved to dismiss the complaint, and the court denied the motion. Dockets 5, 13. The Kleinsassers filed an answer to the complaint on September 18, 2020. Docket 14. On May 7, 2021, the Kleinsassers provided Wilson with an offer of judgment in the amount of $20,000. Docket 24-1. Wilson accepted the offer on

May 20, 2021. Docket 24. The Clerk of Court entered judgment in favor of Wilson on June 16, 2021. Docket 28.

After Wilson accepted the offer of judgment and filed a notice of acceptance, Wilson moved for "Attorney's Fees and Costs in the amount of $557.17 for costs and $18,408.53 for attorney's fees and sales tax[.]" Docket 25 at 1. An affidavit from Wilson's attorney, Lisa Marso, lists fees from May 1, 2019, to May 21, 2021, the work performed on those dates, the hourly rate, and the number of hours. *See* Docket 26-1 at 1-9. Marso states that "[t]he hourly rates set forth . . . are reasonable and even less than requested and/or approved in other ERISA and similar litigated matters particularly given adjustments for consumer price index increases[.]" Docket 26 at 2.

The Kleinsassers argue that Wilson's "purely procedural victory" does not meet the prevailing party standard for recovery of attorney's fees and costs under ERISA. Docket 32 at 1. The Kleinsassers also argue that even if this court finds that Wilson is entitled to recover attorney's fees and costs, the amounts submitted are unreasonable. *Id.* According to the Kleinsassers, Wilson "seeks to recover for matters wholly unrelated to the merits of this claim." *Id.* at 8.

If the court awards attorney's fees, the Kliensassers state that the amount should be limited to $10,585.56. *Id.* In support of that amount, the Kleinsassers identify particular fees requested by Wilson that should be denied. *Id.* at 8-11. The Kleinsassers note that some of the fees are related to a summer intern, who did research that was "duplicative of supervising attorney

2

knowledge." *Id.* The Kleinsassers oppose multiple other fees, calling them "unrelated to merits of claim" or "unrelated to meritorious claim." *Id.*

On July 23, 2021, Wilson filed a reply. Docket 34. According to Wilson, "[i]t is clear from established case law that the prevailing party standard is not applicable to this case." *Id.* at 3. Marso alleges that her client "achieved a victory on the central issue of her claim when she accepted the offer of judgment and qualifies for a fee award under ERISA." *Id.* at 4. According to Wilson, Kleinsassers' argument that certain charges are "unrelated" is without merit. *Id.* at 6-7. For these reasons, Wilson contends that the court should exercise its discretion in awarding the amount of fees requested in her motion. *Id.* at 7.

## DISCUSSION

There are two methods for determining attorney's fees: the lodestar method and the percentage of the benefit method. *Galloway v. Kan. City Landsmen, LLC*, 833 F.3d 969, 972 (8th Cir. 2016). Here, Marso uses the lodestar method, which involves multiplying a reasonable hourly rate times the number of hours worked. *See* Docket 26-1 at 1-9. In determining a "reasonable hourly rate," the district court has significant discretion, as "[t]he district court is in the best position to assess the relative performance of the lawyers in the cases litigated before it." *Flygt Corp.*, 925 F.2d at 260.

### I.   Achieving some degree of success on the merits

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). An

3

award under § 1132(g)(1) does not require that the fee-seeker be a prevailing party, but only that the "claimant . . . show 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Although a "trivial success" or a "purely procedural victor[y]" does not satisfy this standard, it is sufficient if "the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue.'" *Id.* (alterations in original) (quoting *Ruckelshaus*, 463 U.S. at 688 n.9).

Here, Wilson sought "monetary damages in an amount to be determined at trial[.]" Docket 1 at 4. While Wilson may have desired additional recovery, the amount of $20,000 is enough to establish "some degree of success on the merits" as to the central issue of *Hardt*, 560 U.S. at 255. Thus, Wilson is eligible for attorney's fees and costs.

## II.   Determining whether a fee award is appropriate

If a fee claimant has achieved some degree of success on the merits, the Eighth Circuit has set forth a "nonexhaustive list of factors to consider" when deciding whether a fee award is appropriate. *McDowell v. Price*, 731 F.3d 775, 783 (8th Cir. 2013) (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam)). These factors include:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties

> could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal [question] regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Westerhaus*, 749 F.2d at 496. Courts should not mechanically apply these factors, instead, "the district courts should use the factors and other relevant considerations as general guidelines for determining when a fee is appropriate." *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002). The decision whether to award attorneys' fees under ERISA is discretionary, not mandatory. *Westerhaus*, 749 F.2d at 495.

The first factor considers the degree of the opposing parties' culpability or bad faith. *Id.* at 496. It is clear from the allegations of the complaint that the Kleinsassers were in a position of power and control over Wilson's insurance plan, and that they used that power to Wilson's detriment. *See* Docket 1. Further, by denying the Kleinsassers' motion to dismiss, this court acknowledged that Wilson's claim may have merit. Docket 13. This denial is supported by the fact that the Kleinsassers offered a judgement in favor of Wilson. Docket 24. Thus, there is clear evidence of culpability and bad faith to suggest that attorneys' fees and costs are appropriate.

The second factor considers the ability of the opposing parties to satisfy an award of attorneys' fees. *Westerhaus*, 749 F.2d at 496. This court has no evidence that the Kleinsassers are indigent or wealthy. Thus, this factor does not play a large factor in determining whether a fee award is appropriate.

The third factor considers whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances. *Westerhaus*, 749 F.2d at 496. Outside of the $20,000 judgment, the Kleinsassers will not face other punishment for their actions. An award of attorneys' fees in addition to the $20,000 judgment may deter future persons acting under similar circumstances. Thus, this factor is neutral.

The fourth factor considers whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan. *Westerhaus*, 749 F.2d at 496. Wilson's lawsuit only seeks her damages and not damages for other participants and beneficiaries of the ERISA plan.

The fifth factor evaluates the relative merits of the parties' positions. *Westerhaus*, 749 F.2d at 496. Here, Wilson had merit in her claim, as exhibited by this court denying the Kleinsassers' motion to dismiss for failure to state a claim and the Kleinsassers' decision to offer a judgment. Dockets 13, 24. Thus, the merit of Wilson's claim suggests that attorneys' fees are appropriate.

Viewed as a whole, these factors suggest that Wilson is entitled to an award of attorneys' fees that are proportional to the merits of the case. Here, Marso and her associates spent dozens of hours working on the case and her efforts resulted in a favorable outcome for her client. *See* Docket 26-1. Thus, the court finds that an award of attorney's fees in this case is appropriate and consistent with the purposes of ERISA.

### III. Determining the amount of fees to award Wilson

When granting attorney's fees under ERISA, the amount of fees awarded must be reasonable. *See Geissal v. Moore Med. Corp.*, 338 F.3d 926, 935 (8th Cir. 2003). In determining reasonableness, the court considers factors such as "time, skill, and labor required; customary fees; the amount involved and the results obtained; and the experience, reputation, and ability of the attorneys." *Johnson Tr. of Operating Eng'rs v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 526 (8th Cir. 2020). This determination is within the sole discretion of the trial court. *Id.*

The United States Supreme Court has held that success on the merits is important to a determination of the reasonableness of a fee application. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). "[W]here the plaintiff [has] achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* According to the Court, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* At the same time, the Court noted that prevailing plaintiffs may ordinarily recover attorneys' fees unless special circumstances make an award unjust. *Id.* at 429.

The Kleinsassers included a list of fees that they allege are unreasonable, claiming that they are either duplicative or unrelated. *See* Docket 32 at 8-11. Included in Marso's request are several fees associated with the research completed by a summer intern. The fees are charged at a much lower rate than

7

the rate of supervising attorneys and may in fact reduce the overall research expense. The hours of research for the intern and supervising attorney appear reasonable for the complexity associated with this ERISA claim. *See* Docket 26-1 at 1.

Kleinsassers also contend that several fees requested by Wilson are unrelated to the merits of the claim or are unrelated to the meritorious claim. Docket 32 at 8-11. The court agrees. These fees should not be included in the fee calculation, because they did not have a material effect on the outcome of the litigation. For example, Marso included fees from research involving Logistics Buddy and its counsel. *See* Docket 26-1 at 1. This research is not related to the merits of the claim, and thus, should not be awarded. The court finds the fees and taxes totaling $4,298.34 are not related to the claim.

Thus, any research and work not related to the merits of Wilson's claim will not give rise to payment of attorney's fees. The court finds Wilson is entitled to an award of $14,110.19 for attorneys' fees, taxes, and $557.17 as costs.

## CONCLUSION

Because Wilson achieved some degree of success on the merits, an award of attorneys' fees is appropriate. Marso's compensation must be limited to what is reasonable, which involves a limitation of compensation for only services directly related to the merits of her client's claim. It is thus

ORDERED that Wilson's Motion for Attorney's Fees and Costs (Docket 25) is granted in part and denied in part. Wilson is entitled to a judgment in

her favor in the total amount of $14,667.36 for attorneys' fees, costs, and taxes.

Dated August 11, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE